THE BICKEL LAW FIRM, INC.
Brian J. Bickel, State Bar No. 205646
Brian K. Cline, State Bar No. 246747
briancline@bickellawfirm.com
750 B Street, Suite 1950
San Diego, California 92101
Telephone:	(619) 374-4100
Facsimile:	(619) 231-9040

Attorneys for Plaintiff JULIA SHIH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JULIA SHIH,

    Plaintiff,

vs.

BMW OF NORTH AMERICA, LLC,
and DOE 1 through DOE 10 inclusive,

    Defendants,

Case No. CV10-05852 HRL

COMPLAINT FOR VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT

PLAINTIFF DEMAND TRIAL BY JURY

Plaintiff alleges:

# I.

## JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332.

2. Plaintiff JULIA SHIH (hereinafter "Plaintiff") is, and at all times mentioned herein was, a competent adult.

3. Plaintiff at all times mentioned herein was a citizen and resident of California.

4. Plaintiff is informed and believes and thereupon alleges that defendant BMW OF NORTH AMERICA, LLC is a corporation incorporated under the laws of Delaware and having it's principal place of business in New Jersey, and is licensed

to do business in California.

## II.

## VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT

5. Defendants DOE 1 through DOE 10 inclusive are sued herein. DOE 1 through DOE 10 are each independently, or as a representative of another defendant in this suit, responsible in some manner for the causes of action set forth herein and the damages sustained by Plaintiff.

6. Plaintiff purchased the subject 2007 BMW 328i, VIN: WBAVA33557KX82318 ("the subject vehicle") on or about August 30, 2007 from Pacific BMW in Glendale, California. The subject vehicle is a new motor vehicle that was bought primarily for personal, family, or household purposes or it is a new motor vehicle with a gross vehicle weight under 10,000 pounds that was bought or used primarily for business purposes by an entity to which not more than five motor vehicles are registered in this state. The subject vehicle is a "new motor vehicle" under the Song-Beverly Consumer Warranty Act, Civil Code §§1790 et seq ("the Act").

7. Pacific BMW is engaged in the business of distributing or selling consumer goods at retail. Plaintiff is a "buyer" under the Act.

8. BMW OF NORTH AMERICA, LLC manufactures, assembles, or produces consumer goods. BMW OF NORTH AMERICA, LLC is a "manufacturer" under the Act.

9. BMW OF NORTH AMERICA, LLC issued an "express warranty" to Plaintiffs in which, *inter alia*, BMW OF NORTH AMERICA, LLC undertook to preserve or maintain the utility or performance of the subject vehicle. Said warranty was an integral factor in Plaintiffs' decision to purchase the subject vehicle.

10. The subject vehicle has suffered from nonconformity(s) to warranty, including, but not limited to, defect(s) which have manifested in: (a) recurrent engine malfunctions, loss of power on acceleration, failure to start, loss of power; and (b)

1 global electrical problems, recurrent malfunction of the power door locking, failure to start, activation of the headlight malfunction indicator light, activation of the service engine soon light, activation of the tire pressure warning light, malfunction of the power side mirror system. Said nonconformity(s) have substantially impaired the vehicle's use, value, or safety to Plaintiff.

11. Plaintiff has delivered the vehicle to BMW OF NORTH AMERICA, LLC or its authorized repair facility(s) for repair of said nonconformity(s). BMW OF NORTH AMERICA, LLC or its authorized repair facility(s) have failed to service or repair the subject vehicle to warranty after a reasonable number of attempts.

12. The subject vehicle was not fit for the ordinary purposes for which such goods are used and was not of the same quality as those generally acceptable in the trade. BMW OF NORTH AMERICA, LLC breached the implied warranty of merchantability and implied warranty of fitness. Plaintiff is entitled to revoke acceptance of the subject vehicle under the Act.

13. BMW OF NORTH AMERICA, LLC has not replaced the vehicle or otherwise made restitution to Plaintiff pursuant to its obligations under the Act.

14. Plaintiff is informed and believes and thereupon alleges that BMW OF NORTH AMERICA, LLC's refusal to replace the vehicle or make restitution to Plaintiff was wilful and not the result of a good faith and reasonable belief that the facts imposing said statutory obligation were absent.

15. Pursuant to the Act, Plaintiff is entitled to restitution in an amount equal to the actual price paid or payable by Plaintiff and collateral charges such as sales tax, license fees, registration fees, and other official fees less an amount directly attributable to use by Plaintiff prior to the time Plaintiff first delivered the vehicle for repair.

16. Plaintiff is entitled to recover incidental, consequential, and general damages, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by Plaintiff.

17. Plaintiff is entitled to recover a civil penalty up to two times the amount of actual damages for BMW OF NORTH AMERICA, LLC's wilful refusal to comply with its statutory obligations under the Act.

18. Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses including attorney's fees based on actual time expended and reasonably incurred in connection with the commencement and prosecution of this action.

WHEREFORE, Plaintiff prays judgment against BMW OF NORTH AMERICA, LLC as follows:

1. For actual damages, including collateral charges, and incidental, consequential, and general damages. To date, such damages include, but are not limited to Plaintiff's cash purchase price ($44,974.89), rental car expense ($55.29), and, in amounts according to proof, vehicle registration, expenses inadvertently omitted herein, and other future expenses reasonably incurred by Plaintiff in connection with this action; and

2. For a civil penalty up to two times the amount of actual damages; and

3. For rescission of the contract and restitution of consideration; and

4. For interest on said sum from date of rescission to date of judgment herein; and

5. For attorney's fees based on actual time expended and reasonably incurred in connection with the commencement and prosecution of this action; and

6. For costs of suit incurred in connection with the commencement and prosecution of this action; and

///

///

///

7.  For such other and further relief as the court deems proper.

WHEREFORE, Plaintiff demands trial by jury.

DATED: December 14, 2010

THE BICKEL LAW FIRM, INC.
Attorneys for Plaintiff

By: _____
BRIAN K. CLINE

---

COMPLAINT FOR VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT